**WASHINGTON TROUT, et al., Plaintiff,**

**v.**

**SCAB ROCK FEEDERS, Defendant.**

**No. CS–92–236–FVS.**

United States District Court,
E.D. Washington.

Feb. 22, 1993.

Michael E. Withey, Schroeter Goldmark & Bender, Seattle, WA, Bill Kloos, Johnson & Kloos, Eugene, OR, for plaintiffs.

Steven H. Sackmann, Sackmann Law Office, Othello, WA, Gregory S. McElroy, Cable Haagensen Benedict Lybeck & McElroy, Seattle, WA, for defendant.

ORDER GRANTING MOTION TO DISMISS

VAN SICKLE, District Judge.

**BEFORE THE COURT** is Defendant's Motion to Dismiss, Ct.Rec. 12, heard with oral argument on February 19, 1993. The Plaintiffs were represented by Bill Kloos; Defendant was represented by Gregory McElroy. After reviewing the record and being fully advised by counsel, the Court enters this order to memorialize its oral ruling.

Plaintiffs filed this suit under 33 U.S.C. § 1251 et seq., the Clean Water Act ("CWA"), and R.C.W. § 90.48.010 et seq., for alleged discharge of pollutants from Defendant's feedlot. Defendant moves to dismiss contending that because Plaintiffs have failed to fulfill the notice requirements of 33 U.S.C. § 1365(b) to file suit this Court lacks subject matter jurisdiction to hear the claims.

The CWA allows citizens to bring suits against alleged violators, but requires that specific notice be given to the suspected polluter. 33 U.S.C. § 1365(a), 1365(b). The statute's notice section provides that:

No action may be commenced—

(1) under subsection (a)(1) of this section—

(A) prior to sixty days after the plaintiff has given notice of the alleged violation ... (iii) to any alleged violator of the standard, limitation, or order, ...

33 U.S.C. § 1365(b).

The Environmental Protection Agency's promulgated rules require the following identifications to be included in the notice.

(a) *Violation of standard, limitation or order.* Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, **and the full name, address, and telephone number of the person giving notice.**

40 C.F.R. § 135.3(a) (emphasis added). If that person is represented by counsel, disclosure of counsel's full name, address, and telephone number is also required. 40 C.F.R. § 135.3(c).

In order to resolve conflicts among the circuits, the Supreme Court decided the issue of whether a district court has discretion to ignore a plaintiff's failure to comply with the statutory 60–day notice requirement in the citizens suit provision of the Resource Conservation and Recovery Act of 1976 ("RCRA"). *Hallstrom v. Tillamook County,* 493 U.S. 20, 24–26, 110 S.Ct. 304, 308, 107 L.Ed.2d 237 (1989). The 60–day notice provision of RCRA was modeled after the Clean Air Amendments of 1970 and have been incorporated in subsequent federal statutes, including the Federal Water Pollution Control Act (Clean Water Act) in 33 U.S.C. § 1365(b). 493 U.S. at 23, 110 S.Ct. at 307 n. 1.

The Court concluded that notice requirements under the citizen suit provision of the RCRA were mandatory conditions precedent and that a district court may not ignore a plaintiff's failure to comply with the notice requirement. *Id.* at 30–31, 110 S.Ct. at 311. The Court dismissed the *Hallstrom* suit after four years of litigation in lower courts for plaintiff's failure to comply with the statutory notice requirements. *Id.* Recognizing that dismissal at that stage of litigation was wasteful, the Court concluded that dismissal was required nevertheless, because "the action was barred by the terms of the statute." *Id.* at 33, 110 S.Ct. at 312.

The Court's analysis that notice requirements are mandatory conditions precedent for suits under the citizen suit provisions of RCRA is equally valid in this suit involving CWA.[1] Plaintiffs bringing an action as citizens under 33 U.S.C. § 1365(a) must satisfy the notice requirements established in 40 C.F.R. § 135.3(a), including disclosure of "the full name, address, and telephone number of the person giving notice." 40 C.F.R. § 135.3(a).

In this case, Defendant received a letter dated January 2, 1992, from Bill Kloos giving notice "that Irene Salas and others intend to file a citizen's suit." (Ct.Rec. 14, Ex. A.) Even if the January 2, 1992, letter were considered to be adequate notice by Irene Salas, both parties agree that Irene Salas is not a plaintiff in this litigation. Therefore Defendant has not received notice from the plaintiffs as required by the statute.

The Plaintiffs argue that other courts have found that the notice requirements have been satisfied despite the fact that not all plaintiffs have been disclosed in the notice. However, in those cases, at least one of the parties giving notice has been a plaintiff in the litigation. E.g. *Klickitat County v. Columbia River Gorge Com.,* 770 F.Supp. 1419, 1423

1. As noted above, the notice requirements of RCRA and CWA both were patterned after the notice provisions in section 304 of the Clean Air Amendments of 1970. *Hallstrom v. Tillamook County,* 493 U.S. 20, 23 n. 1, 110 S.Ct. 304, 307 n. 1.

(E.D.Wash.1991). In this case, none of the Plaintiffs in the action gave notice to the Defendant. The notice requirement of section 1365(b) has not been met by Plaintiffs.

From a practical view, the best use of judicial resources is to dismiss the case at this point in the litigation for lack of subject matter jurisdiction rather than risk reversal on appeal after more expenditures by the parties and the Court. Defendant's motion to dismiss the federal law claims is **granted.**

Defendant moves the Court to dismiss pendent state claims for lack of subject matter jurisdiction. The Plaintiffs do not contest that motion, and there is no basis for the Court to exercise jurisdiction over the pendent state claims. Defendant's motion to dismiss the pendent state claims is **granted.**

Defendant moves the Court to grant attorneys' fees in this action. The CWA allows a court to award attorneys' fees when appropriate. 33 U.S.C. § 1365(d). An award of fees is appropriate when plaintiffs bring an action that is meritless, groundless, or without foundation. *See Elks Nat'l Foundation v. Weber,* 942 F.2d 1480, 1483 (9th Cir.1991). 28 U.S.C. § 1927 allows for award of fees when the other party "so multiplies the proceedings in any case unreasonably and vexatiously" that a party should be reimbursed for excess costs, expenses, and attorney's fees. "Unreasonably and vexatiously" is defined as requiring "a showing of intent, recklessness, or bad faith." *Optyl Eyewear Fashion International Corp. v. Style Cos.,* 760 F.2d 1045, 1048 (9th Cir.1985).

There is no showing in this case that the Plaintiffs acted in bad faith or recklessness in filing this suit. There is no basis for granting Defendant's motion for attorney's fees.

**IT IS HEREBY ORDERED:** Defendant's **Motion to Dismiss, Ct.Rec. 12,** is **GRANTED in part** and **DENIED in part** as follows:

1. All of Plaintiffs' federal claims are **dismissed without prejudice;**

2. All of Plaintiffs' state law claims are **dismissed without prejudice;**

3. Defendant's **motion for attorney's fees** is **denied.**

**IT IS SO ORDERED.**